IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>$116,850 in United States Currency,<br><br>    Defendant *In Rem*. | C/A No. 3:14-cv-01794-JFA<br><br>**ORDER ON MOTION<br>TO DISMISS** |

### I.  INTRODUCTION

The United States brings this *in rem* civil forfeiture action pursuant to Rule G(2) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Claims ("Supplemental Rules"). Presently before the court is Claimant Hung "Byron" Tran's ("Tran") Motion to Dismiss, [ECF No. 10], per Federal Rule of Civil Procedure 12(b)(6) and Rule G(8) of the Supplemental Rules. The Motion to Dismiss is ripe for disposition after being fully briefed and oral arguments heard on November 24, 2014.

### II.  PROCEDURAL HISTORY

On May 2, 2014, the Government filed a Verified Complaint for Forfeiture against $116,850 in U.S. currency, alleging that the money was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*.; proceeds traceable to such an exchange; or money used and intended to be used to facilitate a violation of the Controlled Substances Act; property involved in money laundering; property involved in an illegal money transmitting business or proceeds of some other form of

1

specified illegal activity and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).  [ECF No. 1].

On May 12, 2014, the Government served notice of the judicial forfeiture action on Tran, Maria Troung, and Alexander Troung.  [ECF No. 7].  On May 23, 2014, Tran filed a Verified Claim asserting his interest in the $116,850 in United States Currency ("Defendant Currency").  [ECF No. 8].  No additional claims have been filed and the time has expired for any person to file a claim to the Defendant Currency.

### III.    FACTS ALLEGED IN THE COMPLAINT

As set forth in detail in the Complaint, on December 13, 2013, a rented vehicle driven by Tran was stopped for speeding while traveling northbound on Interstate 95 in Sumter, South Carolina.  [ECF No. 1, p. 5].  Shortly after approaching the vehicle, the Sumter County officer who conducted the stop observed that Tran's hands were shaking and that he was sweating.  *Id.*  The officer noted that Tran was unusually nervous for an ordinary traffic stop.  [ECF No. 1, p. 7].  The officer also observed three cellular phones amongst the two passengers, one of which appeared to be a disposable flip phone.[1]  [ECF No. 1, p. 6].  Tran informed the officer that he was traveling home to Virginia from Orlando, Florida.  *Id.*  According to Tran, his girlfriend, Maria Troung, lives in Orlando and the passenger in the vehicle, Alexander Troung, was her eighteen year-old son.  *Id.*  Tran maintained that he was taking Troung to Washington, D.C., so that Troung could take a train to New Jersey to visit his girlfriend.  *Id.*  However, when the officer spoke to Troung, Troung told the officer that he was traveling to Philadelphia, Pennsylvania to visit his father and denied having a girlfriend.  *Id.*

---

[1] In a footnote, the Complaint states "during a subsequent search of the vehicle, officers found a receipt for a … $40 purchase of a prepaid cellular phone."

The officer continued to question Tran. The officer asked Tran to open the trunk, and Tran voluntarily opened the trunk. [ECF No. 1, p. 6]. The officer observed two suitcases in the trunk, and Tran indicated a black Samsonite suitcase as his own. *Id.* When asked whether he was traveling with a large amount of cash, Tran hesitated to respond to the officer. [ECF No. 1, p. 7]. The officer asked for consent to search the vehicle; however, Tran declined. *Id.* The officer then requested Tran exit the vehicle and called a drug dog to the scene. *Id.* The drug dog alerted to the presence of the odor of narcotic substances on the suitcase Tran identified as his own. *Id.* The officer located the Defendant Currency in 12 rubber-banded bundles inside Tran's suitcase. *Id.*

After the discovery of the currency, Tran informed the officer that the total amount of currency was $110,000 and maintained that he was "holding" the currency for his girlfriend who transferred it to him while he was in Orlando. *Id.* Tran insisted that his girlfriend did not ask him to deliver it to anyone. *Id.* Tran also stated that his girlfriend does use banks and has a bank account. [ECF No. 1, p. 8]. When offered the opportunity to resolve the matter by allowing the officer to contact his girlfriend to verify the owner and source of the currency, Tran declined to disclose his girlfriend's name, telephone number or her source of income or employment and stated that he had only been dating her for a couple of months. [ECF No. 1, p. 7].

The officer seized the currency for purposes of forfeiture. [ECF No. 1, p. 8]. The Defendant Currency was comprised of 5,820 twenty-dollar bills ($116,400), 5 fifty-dollar bills ($250) and 2 one hundred-dollar bills ($200). *Id.* According to the Complaint, this distribution of denominations is typical of currency involved in drug trafficking and/or the proceeds thereof. *Id.*

**IV.     CIVIL FORFEITURE ACTIONS**

A civil forfeiture action is an *in rem* proceeding brought by the Government as plaintiff asserting that "all right, title, and interest in [the defendant] property" has vested in "the United States upon commission of the act giving rise to forfeiture." 18 U.S.C. § 981(f). A civil forfeiture action is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106–185, 114 Stat. 202 (codified in part at 18 U.S.C. § 983). Under CAFRA, the Government ultimately must prove, "by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1). "[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). "However, the Government need not satisfy the burden imposed by § 983(c)(3) at the initial pleading stage." *United States v. $78,850.00 in U.S. Currency*, 444 F. Supp. 2d 630, 637–38 (D.S.C. 2006) (citing *United States v. $200,255.00*, 2006 WL 1687774, *7 (M.D. Ga. June 16, 2006)).

In a forfeiture action Complaint, the Government must "state sufficiently detailed facts to support a reasonable belief that the [G]overnment will be able to meet its burden of proof at trial." SUPP. R. G(2)(f). The "reasonable belief" standard in Rule G(2)(f) is the same standard for sufficiency of a complaint contained in the previously applicable Rule E(2), and cases interpreting it. SUPP. R. G(2) 2006 advisory committee notes. *See*, *e.g.*, *United States v. Mondragon*, 313 F.3d 862, 864 (4th Cir. 2002); *$78,850.00*, 444 F. Supp. 2d at 638. Rule E(2)(a) required, and still requires that the "complaint ... state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

4

Of import here, "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(2). Therefore, "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." *Id.* § 983(a)(3)(D). As such, "the Government's forfeiture claim can advance forward in the face of a ... motion to dismiss even if the Government's complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding." *United States v. 630 Ardmore Drive*, 178 F. Supp. 2d 572, 581 (M.D.N.C. 2001).

## V.     DISCUSSION

As an initial matter, Tran has filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule G(8) of the Supplemental Rules. Both the Federal Rules of Civil Procedure and the Supplemental Rules apply to a civil forfeiture action. *See $78,850.00*, 444 F. Supp. 2d at 638; *see also United States v. $85,000 in U.S. Currency*, 2011 WL 1063295, at *1 (D. Md. Mar. 21, 2011). In the event of an inconsistency, the Supplemental Rules will *prevail over* the Federal Rules of Civil Procedure. *See* SUPP. R. A(2); *see also $85,000*, 2011 WL 1063295 at *1 (emphasis added). Although Tran cites to the pleading standards applicable under Rule 8 of the Federal Rules of Civil Procedure, Section 983(a)(3)(A) of Title 18 directs that a civil forfeiture complaint must be filed in accordance with the Supplemental Rules, which includes Rule G(2), the particularity in pleading requirement.

In the present case, the parties do not dispute that the Complaint meets the preliminary requirements of Rule G—it is verified and it states the grounds for subject matter jurisdiction, *in*

*rem* jurisdiction, and venue. [ECF No. 1, pp. 1–2]; SUPP. R. G(2)(a)-(b).  The Complaint described the property seized and the manner of packaging with reasonable particularity. [ECF No. 1, p. 6]; SUPP. R. G(2)(c).  It described the circumstances of seizure, the positive alert on the suitcase by the drug dog, and the statements of Tran. [ECF No. 1, pp. 6–7]; SUPP. R. G(2)(d). The Complaint cited "21 U.S.C. § 881(a)(6), 18 U.S.C. § 991(a)(1)(A) and 18 U.S.C. § 991(a)(1)(C)" as the statutes under which the action was brought. [ECF No. 1, p. 1]; SUPP. R. G(2)(e).  Thus, the only issue in dispute is whether the Complaint satisfies Rule G(2)(f)— whether the Complaint states sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.  As outlined in Section 983(c)(1) of Title 18, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."

Tran argues that the Complaint does not allege sufficient facts for the Government to prove by a preponderance of evidence that the funds are forfeitable.  (Claimant's Motion, ECF No. 10-2, p. 6).  Specifically, Tran argues that Plaintiff failed to allege in the Complaint any facts regarding any alleged drug transaction.  (Claimant's Motion, ECF No. 10-2, p. 8).  Tran points out that there were no drugs or drug paraphernalia recovered in Tran's vehicle, and that there were no indicia of any drug activity. *Id.*  Further, Tran argues that the Complaint is devoid of any facts related to any alleged money laundering transactions and the Complaint sets forth no allegation that Tran was promoting an unlawful activity, or that he was concealing unlawful activity.  (Claimant's Motion, ECF No. 10-2, p. 9).  *In toto*, Tran argues that the Complaint is devoid of facts that are sufficient to show that Defendant Currency was drug proceeds or proceeds from unlawful activity.  (Claimant's Motion, ECF No. 10-2, p. 11).  Therefore, any belief that the Government will be able to meet its burden of proof at trial is not reasonable.

6

At the pleading stage,[2] for the civil forfeiture complaint to be sufficient there need only be a reasonable belief that the Government can meet its burden at trial. SUPP. R. G(2)(f). In other words, does the complaint—read in a light most favorable to the Government—allege facts that will support a reasonable belief that the seized currency was more likely than not connected to an illegal drug transaction, or money laundering, or an illegal money transmitting business. *See* 21 U.S.C. 881(a)(6); 18 U.S.C 983(c); *Mondragon*, 313 F.3d at 866–65.

The court looks to the totality of circumstances to evaluate the sufficiency of the Complaint. *Mondragon*, 313 F.3d at 866 (the court took into account the dog alert "with the rest of the circumstances"). Here, the Government has alleged facts that include a nervous and sweating driver pulled over on "Interstate 95, a known drug corridor." *United States v. $21,408.00 in U.S. Currency*, No. 4:10-CV-138, 2010 WL 4687876, at *3 (S.D. Ga. Nov. 10, 2010). A disposable cell phone and an attempt to avoid a vehicle search. Inconsistent statements regarding travel plans. *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212 1216–17 (9th Cir. 2001) (inconsistent statements and discrepancies in stories support an inference that the money was drug-related); *see also United States v. $50,040 in U.S. Currency*, No. C 06-04552 WHA, 2007 WL 1176631, at *4 (N.D. Cal. Apr. 20, 2007). The Government alleged a drug dog alerted to the odor of narcotics around the suitcase. *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 982 (9th Cir. 2002) (whether there is a sophisticated drug dog alert is an important factor). Numerous rubber-banded bundles of money discovered in a suitcase within the trunk. *$42,500.00*, 283 F.3d at 982 (wrapping money in cellophane was commonly used to conceal drug odor and avoid detection by drug dogs); *see also United States*

---

[2] At oral argument held before this Court on November 24, 2014, Tran vehemently disputed the allegations within the Complaint; however, such factual disputes go to the merits of the action and are premature at this motion to dismiss stage.

7

*v. $242,484.00 in U.S. Currency*, 389 F.3d 1149, 1161–63 (11th Cir. 2004) (rubber-banded money sealed in cellophane-like material and Christmas wrap was consistent with drug couriers); *$21,408.00*, No. 4:10-CV-138, 2010 WL 4687876 at *4 (motion to dismiss denied when one of the facts included a large amount of money stuffed in camping bags within the trunk of the vehicle). Finally, the Government has alleged facts regarding the denominations of the currency, noting such denominations are common in drug transactions,[3] and a refusal by the driver to provide detailed information of the person who allegedly gave the driver the large sum of money.

The totality of these allegations supports a reasonable belief that the Government will be able to meet its burden of proof at trial, as required by Rule G(2)(f). *Mondragon*, 313 F.3d at 866 (the sum, unusual packaging in sealed plastic bags and drug dog alert on money found sufficient to survive motion to dismiss). The allegations pleaded in the Complaint, similar to *Mondragon*, are sufficient to survive a motion to dismiss. The Complaint provides Tran with ample facts to be able to commence a meaningful investigation and frame a responsive pleading. Dismissal at this stage in the litigation would be premature.

## VI.   CONCLUSION

Finding that the Complaint sufficiently states a claim under Supplemental Rule G(2), this Court **DENIES** claimant's Motion to Dismiss, [ECF No. 10].

IT IS SO ORDERED.

November 25, 2014  
Columbia, South Carolina

*Joseph F. Anderson, Jr.*  
Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A large sum of money, by itself, is insufficient to show a connection to drugs. *United States v. Currency, U.S. $42,500.00,* 283 F.3d 977, 981–82 (9th Cir. 2002); *see also United States v. $50,040 in U.S. Currency*, No. C 06-04552 WHA, 2007 WL 1176631, at *4 (N.D. Cal. Apr. 20, 2007)

8