IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | C/A No. 3:14-cv-01794-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| $116,850 in United States Currency, | |
| Defendant *In Rem*. | |

On December 10, 2014, non-party Sheriff of Sumter County filed a *Motion to Quash Subpoena*, ECF No. 32, requesting the Court to quash, or in the alternative, modify the subpoena served upon it by Claimant Hung "Byron" Tran. The subpoena, dated December 1, 2014, commanded Movant to produce a number of documents by December 11, 2014. On December 11, 2014, the Court stayed the deadline for Movant Sheriff of Sumter County to respond, and awaited full briefing on the Motion. The Motion, however, went unopposed, as the deadline for a response has expired.

The Court agrees with Movant that much of the information sought is overly broad, unduly burdensome on Movant, or discloses confidential information. As requested by Movant, the Court hereby modifies the subpoena and directs the Movant to produce the following documentation to Claimant by February 16, 2015:

1. Any and all documents generated by the Sumter County Sheriff's Office that relate to any of the allegations in the Complaint filed in this case.

2. Any and all documents including videos, incident reports, memoranda of interviews, text messages, emails and communications that relate to the traffic stop of the Claimant on December 13, 2013.

3.     Any and all records, correspondence, notes, communications, and other documents concerning or relating to any communications between any officer, agent, employee, and/or representative of the Sumter County Sheriff's Office with any officer, agent, employee and/or representative of the United States relating to the Claimant.

4.     All incident reports generated by Sumter County Sheriff's Office during January 1, 2013 through January 1, 2014, which involve cash seizures during a traffic stop.

5.     All performance score sheets of the canine referred to as "Kaos".

6.     All canine training standards and manuals utilized by the Sumter County Sheriff's Office.

7.     Lists of all substances and/or items that the canine referred to as "Kaos" has been trained to alert on.

8.     All training records of any handler of the canine referred to as "Kaos".

The Court limited the amount of discovery as to the drug dog because there is some indication that "residue from narcotics contaminates as much as 96% of the currency currently in circulation." *United States v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 475, n.32. (N.D. Tex. 1991) *aff'd*, 978 F.2d 709 (5th Cir. 1992).  Here, the drug dog alerted to the presence of the odor of narcotic substances on the suitcase that contained Defendant Currency; however, the subsequent police search did not yield any narcotic substances in Claimant's vehicle.  The Court will not hold this drug dog alert against Claimant and construe Defendant Currency as drug proceeds or proceeds from unlawful activity solely because of the drug dog alert.

Finally, if Movant reasonably believes that any information produced pursuant to this Order is private, confidential, proprietary, or otherwise cannot be produced without endangering Movant's law enforcement activities, the Movant may move this Court to enter a confidentiality order.

Based on the foregoing, the Court hereby grants in part and denies in part Sheriff of Sumter County's *Motion to Quash Subpoena*, ECF No. 32.

IT IS SO ORDERED.

January 13, 2015　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　United States District Judge