IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | C/A No. 3:14-cv-01794-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| $116,850 in United States Currency, | |
| Defendant *In Rem*. | |

This matter is before the Court on the Government's motion for summary judgment as to Claimant Hung "Byron" Tran's Article III standing. The parties concede that the Court must look to Florida state law to determine the existence and extent of a claimant's property interest.

Under Florida law, a partnership "may be created by express or implied contract, and the contractual relationship must consist of the following elements: (1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and duty to share losses; and (4) joint control or right of control." *Williams v. Obstfeld,* 314 F.3d 1270, 127–76 (11th Cir. 2002); *see also Dreyfuss v. Dreyfuss*, 701 So.2d 437, 439 (Fla. Dist. Ct. App. 1997). To find that a partnership or joint venture exists, Florida courts require that *each* of the four factors must be established. *Williams*, 314 F.3d at 1276 (emphasis added).

Accordingly, the Court requests that the parties provide additional briefing regarding Florida partnership law as applied to Claimant. The Court requests that the Claimant file a brief by May 1, 2015, and the Government respond to Claimant's brief by May 6, 2015.

IT IS SO ORDERED.

April 24, 2015
Columbia, South Carolina

*[signature: Joseph F. Anderson, Jr.]*
Joseph F. Anderson, Jr.
United States District Judge