IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br><br>$116,850 in United States Currency,<br><br>    Defendant *In Rem*. | C/A No. 3:14-cv-01794-JFA<br><br><br><br>**ORDER** |

This matter is before the Court on the Government's motion for summary judgment as to Claimant Hung Tran's Article III standing. The parties concede that the Court must look to Florida state law to determine the existence and extent of a claimant's property interest in Defendant Currency.

The Court agrees that Claimant Tran and Ms. Maria Troung created a Florida partnership for a common purpose of, and a joint proprietary interest, in investing in real estate, with the right to share in profits and a duty to share in losses, and both partners possessing a right of control over the investment in real estate. *See* Williams *v. Obstfeld,* 314 F.3d 1270, 127–76 (11th Cir. 2002); *see also Dreyfuss v. Dreyfuss*, 701 So.2d 437, 439 (Fla. Dist. Ct. App. 1997).

Although the Government argues that the partnership was the proper person to file a claim to Defendant Currency, under Florida law, each partner is an agent of the partnership for carrying on its business. As the statute reads

> 620.8301   Partner agent of partnership.—Subject to the effect of a statement of partnership authority under s. 620.8303:
> (1)   Each partner is an agent of the partnership for the purpose of its business. An act of a partner, including the execution of an instrument in the partnership name, for apparently carrying on in the ordinary course of partnership business or business of the kind carried on by the partnership, in the geographic area in which the partnership operates, binds the partnership unless the partner had no authority

to act for the partnership in the particular matter and the person with whom the partner was dealing knew or had received a notification that the partner lacked authority.
(2)   An act of a partner which is not apparently for carrying on in the ordinary course the partnership business or business of the kind carried on by the partnership binds the partnership only if the act was authorized by all of the other partners or is authorized by the terms of a written partnership agreement.

In the issue at hand, Claimant Tran and Ms. Truong jointly searched for a lawyer together and jointly decided to file a claim using only Claimant Tran's name.  The act of Claimant Tran filing a claim to Defendant Currency was an act authorized by the partnership.  Accordingly, Claimant Tran has standing to pursue the partnership's claim on Defendant Currency.

Now that the Court has decided the issue of standing, the parties should resume briefing the outstanding motions.  The Court understands that the Government's Motion for Summary Judgment, ECF No. 48, has issues outstanding that need to be fully briefed, and that ECF No. 50, ECF No. 51, ECF No. 53, and ECF No. 82 still need to be briefed.  Therefore, any memorandum or response of an opposing party must be filed with the Court within fourteen (14) days of this Order.  A party desiring to reply to matters raised initially in a response to a motion or in accompanying supporting documents shall file the reply within seven (7) days after service of the response.

IT IS SO ORDERED.

May 26, 2015                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

2